UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:10-CV-00331-FDW-DCK

| | |
|---|---|
| RONALD MCGILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NOTICE |
| CHRIS DEPINTO and PUBLIC STORAGE, INC. | ) ) ) |
| Defendants. | ) ) |

THIS MATTER is before the Court pursuant to Defendants Chris Depinto and Public Storage, Inc.'s ("Defendants") Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,[1] wherein Defendants have moved the Court to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, or in the alternative, for failure to state a claim upon which relief can be granted. The Court notes that Plaintiff's response was originally due on November 5, 2010, the date this Notice was issued. Pursuant to this Notice, that deadline is extended to **Monday, November 29, 2010**.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

In determining whether jurisdiction exists, the district court is to regard the

---

[1] Defendants cite Rules 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1, Rule 12, the North Carolina equivalents of Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the purposes of this Notice, the Court will read Defendants' Motion to invoke the Federal Rules of Civil Procedure, which, of course, govern in this Court. See e.g., Fed. R. Civ. P. 1; Hanna v. Plumer, 380 U.S. 460, 472-74 (1965).

> pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Additionally, in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby advised that he has until **Monday, November 29, 2010** to file his response to Defendants' Motion in light of the above standard. Plaintiff's response must address both grounds for dismissal. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. <u>Plaintiff's failure to respond may result in Defendants being granted the relief they seek, which is dismissal of Plaintiff's complaint.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 2009 Ranchwood Drive, Charlotte, NC 28217, which is Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: November 5, 2010

Frank D. Whitney
United States District Judge