# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-331-FDW-DCK

| | |
|---|---|
| RONALD MCGILL, | ) |
| Plaintiff, | ) |
| v. | ) NOTICE |
| CHRIS DEPINTO, et al., | ) |
| Defendants. | ) |

THIS MATTER is before the Court pursuant to Defendants Chris Depinto, Sean Marker, Paul Trott, and Public Storage, Inc.'s ("Defendants") Motion to Dismiss pursuant to Rules 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure (Doc. No. 26) and Defendants J. Griffin and R.S. Nance's Motion to Dismiss pursuant to Rule 12(b)(6) (Doc. No. 33). Defendants DePinto and Public Storage renew their motion after Plaintiff amended his complaint to add new claims and parties (Doc. No. 22) and the Court denied as moot Defendants Depinto and Public Storage, Inc.'s first motion to dismiss. (Doc. No. 24). Pursuant to this Notice, Plaintiff's response to Defendants' Motion will be due by **Tuesday, April 19, 2011**.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he carries the burden in showing that subject matter jurisdiction exists. In Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765 (4th Cir. 1991), the Fourth Circuit recognized:

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir. 1987). The district court should apply the standard applicable to a motion for summary judgment, under

> which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Richmond, Fredericksburg & Potomac R.R. Co., 945 F.2d at 768-69.

Plaintiff is further advised that he carries the burden of demonstrating that this Court has personal jurisdiction over Defendants in this matter. To satisfy this burden, Plaintiff must demonstrate that out-of-state Defendants have sufficient minimum contacts with the state of North Carolina "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations omitted). In order to satisfy this requirement, it is necessary, but not necessarily sufficient, that Plaintiff serve process (including a copy of the Amended Complaint and summons) in a manner consistent with the requirements of Rule 4 of the Federal Rules of Civil Procedure.

Additionally, in order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Plaintiff is hereby advised that he has twenty-eight (28) days from the date of this order, or until **Tuesday, April 19, 2011**, to file his response to Defendants' Motions in light of the above

standards. Plaintiff's response must address all grounds for dismissal asserted by each of the Defendants' Motions. Plaintiff's response must be served on Defendants and must include a certificate of service indicating the manner in which Plaintiff served Defendants. <u>Plaintiff's failure to respond may result in Defendants being granted the relief they seek, which is dismissal of Plaintiff's complaint.</u>

The Clerk is directed to send a copy of this Notice to Plaintiff at 2009 Ranchwood Drive, Charlotte, NC 28217, which is Plaintiff's address of record, and to counsel for the Defendant.

IT IS SO ORDERED.

Signed: March 22, 2011

Frank D. Whitney
United States District Judge