# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:10-CV-00331-FDW-DCK

| | |
|---|---|
| RONALD MCGILL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER |
| CHRIS DEPINTO, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants Chris Depinto, Sean Marker, Paul Trott, and Public Storage's (collectively "Public Storage Defendants") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and/or 12(b)(6) (Doc. No. 26) and Defendants J. Griffin and R.S. Nance's (collectively "CMPD Defendants") Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 33). Defendants' Motions have been fully briefed and are ripe for disposition. For the reasons set forth, both the Public Storage Defendants' and the officer Defendants' Motions are GRANTED.

## I. BACKGROUND

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed suit on July 22, 2010, against Defendants Chris DePinto, both in his individual and "official" capacities, and Public Storage. Plaintiff pled a single claim for "unfair trade practice," however the gravamen of Plaintiff's allegations actually indicated claims for deprivation of rights. Specifically, Plaintiff's Complaint alleged that on July 21, 2010, Plaintiff attended an auction held at the Public Storage facility on Ashley Road in Charlotte, North Carolina. Plaintiff alleges that Defendant DePinto, the "district manager," informed Plaintiff that "he could not participate in the auction and was barred from all

auctions held by Public Storage, Inc." (Compl. at 1). Plaintiff alleges he was not given a reason for being removed from the facility and was not acting in a manner that justified being asked to leave. DePinto told Plaintiff that because the auction was being held on private property, he did not need a reason to ask Plaintiff to leave the premises. When Plaintiff refused to leave, arguing that the auction was open to the public, DePinto called the police. Two unidentified officers of the Charlotte-Mecklenburg Police Department ("CMPD") arrived on the scene and asked Plaintiff to leave. When Plaintiff again asked for a reason, one of the officers stated "[DePinto] don't need a reason [sic] this is private property." (Id.)

Defendants DePinto and Public Storage moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. (Doc. No. 13). The Court issued a <u>Roseboro</u> notice to Plaintiff, informing him of the burden he carries in confronting Defendants' motion and directing Plaintiff to file any responses by November 29, 2010. (Doc. No. 14). On December 21, 2010, Plaintiff filed a motion for leave to amend his Complaint to add new defendants. (Doc. No. 19). Although Plaintiff's motion was untimely in response to the Court's <u>Roseboro</u> Notice, the Court granted Plaintiff's motion and permitted Plaintiff until January 27, 2011, to amend his Complaint (Doc. No. 21).

Plaintiff filed his Amended Complaint on January 25, 2011, adding Defendants Marker and Trott as well as the CMPD Defendants. Plaintiff's Amended Complaint, which incorporates the allegations regarding the July 21, 2010 incident at the Ashley Road facility, further alleges the following facts, which are taken as true for the purposes of Defendants' Motions. After the July 21 incident at the Ashley Road facility, Plaintiff filed a complaint letter with the Public Storage "home office" concerning his treatment by Defendant DePinto. In his complaint letter, Plaintiff indicated that if he did not hear from Public Storage prior to the next auction, Plaintiff would attend that

auction and threatened further civil action if he was again asked to leave.

Without receiving a response to his complaint letter, and as promised, Plaintiff returned to the Ashley Road facility on September 22, 2010, to participate in the auction to be held that day. Upon seeing Plaintiff, Defendant DePinto told him to leave allegedly due to Plaintiff's pending lawsuit in this Court and for having a "big mouth." (Am. Compl. at 2). A CMPD officer arrived on the scene and conferred with Defendant DePinto. A few seconds later, CMPD Officers Nance and Griffin arrived on the scene and approached Plaintiff. Defendant Nance, apparently without provocation, grabbed Plaintiff by the wrist and placed him in handcuffs. Defendant Nance asked "what about ban you don't understand you'll going to jail [sic]," (id.), and charged Plaintiff with second degree trespassing pursuant to N.C. Gen. Stat. § 14-159.13 (1993).[1] The trespassing charge was ultimately dismissed, although the circumstances of the dismissal are not clear.

On January 7, 2011, Plaintiff again attempted to attend an auction at the Public Storage facility on Park Road in Charlotte, North Carolina. Defendant Marker, allegedly the district manager of the Park Road facility, informed Plaintiff he could not participate in the auction and was asked to leave the property at the direction of Marker's supervisor, Defendant Trott. Plaintiff alleges Defendant Marker told Plaintiff he was banned from the Park Road facility "because of something that happen [sic] between [Plaintiff] and [DePinto] over on Ashley." (Id.)

Plaintiff's Amended Complaint, filed *pro se*, appears to allege two distinct causes of action for deprivation of rights. The Court construes Plaintiff's allegations to include the claim that each of the named Defendants have entered into a conspiracy "to willfully and with intent" deny Plaintiff

---

[1] N.C. Gen. Stat. § 14-159.13 provides in pertinent part: "A person commits the offense of second degree trespass if, without authorization, he enters or remains on the premises of another [] [a]fter he has been notified not to enter or remain there by the owner, by a person in charge of the premises, by a lawful occupant, or by another authorized person . . . ." § 14-159.13(a)(1).

3

equal access to public auctions in violation of 42 U.S.C. § 1985(3). (Am. Compl. at 3.) The Court further construes Plaintiff's Amended Complaint to claim that the CMPD Defendants have deprived Plaintiff of his rights by committing a false arrest and maliciously prosecuting the trespass charge, in violation of 42 U.S.C. § 1983.[2]

After Plaintiff filed his Amended Complaint, the Court denied as moot Defendants DePinto and Public Storage's pending motion to dismiss as well as Plaintiff's pending motion for summary judgment (Doc. No. 24). The Public Storage Defendants now renew their motion to dismiss arguing: (1) Plaintiff has failed to plead subject matter jurisdiction as required by Rule 8(a); (2) Plaintiff has not sufficiently served process on Defendants Marker and Trott in their individual capacities, and thus this Court lacks personal jurisdiction as to them; and (3) Plaintiff's Amended

---

[2] Although Plaintiff does not specifically state a cause of action under § 1983, the Fourth Circuit has held that claims of "false arrest" and "malicious prosecution" are not independent causes of action but instead are "nothing more than a § 1983 claim arising from a Fourth Amendment violation." Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000); see also Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996). Accordingly, the Court will construe Plaintiff's allegations against the officer Defendants to include a single claim for relief under § 1983.

However, the Court will not construe Plaintiff's allegations to include a § 1983 claim against the Public Storage Defendants. "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations omitted). Private individuals may be liable under § 1983 when engaging in discriminatory conduct that may be attributable to the state, such as when exercising some function traditionally carried on by the state. See, e.g., Terry v. Adams, 345 U.S. 461 (1953). Plaintiff has not alleged any basis in which the Public Storage Defendants can "in all fairness" be described as a state actor. United Auto Workers v. Gaston Festivals, Inc., 43 F.3d 902, 906 (4th Cir. 1995). At most, public auctions held on private property are regulated by the state. See N.C. Gen. Stat. § 25-7-210. Private conduct regulated by the state is only subject to constitutional standards when there is a "sufficiently close nexus" between the State and the challenged conduct of the regulated entity "so that the action of the latter may be fairly treated as that of the State itself." American Mfrs., 526 U.S. at 52 (citations omitted). A "close nexus" exists where the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id. (internal quotations omitted). Because Plaintiff has alleged no facts supporting such a conclusion, the conduct alleged falls within the broad category of "[a]ction taken by private entities with the mere acquiescence or approval of the State [which] is not state action" for the purposes of § 1983. Id. (citations omitted).

4

Complaint fails to state a claim upon which relief can be granted. The CMPD Defendants likewise move to dismiss for failure to state a claim upon which relief can be granted, arguing Plaintiff's arrest for trespassing was supported by probable cause and therefore that Defendants Nance and Griffin are entitled to qualified immunity.

In an abundance of caution, this Court issued to Plaintiff a second Roseboro Notice (Doc. No. 34) reminding Plaintiff of his burden in confronting Defendants' Motions and directing Plaintiff to respond to Defendants' Motions by April 19, 2011. Plaintiff responded on April 13, 2011 (Doc. No. 38), and Defendants replied in turn (Docs. Nos. 39, 40).

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court need not accept as true legal conclusions couched as factual allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to survive a 12(b)(6) motion to dismiss, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Likewise, in reviewing a facial challenge to subject matter jurisdiction such as here where the Public Storage Defendants contend Plaintiff's Amended Complaint has simply failed to allege any basis for subject matter jurisdiction, Plaintiff is "'afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration.'" Kerns v. United States, 585 F.3d 187, 192 (4th

Cir. 2009) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). Accordingly, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

While considering Defendants' Motions, the Court remains mindful of Plaintiff's *pro se* status. *Pro se* filings are to be liberally construed and must be held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citations omitted). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . . At the same time, the district court . . . may not rewrite a petition to include claims that were never presented." Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999) (internal citations omitted). In order to survive a Rule 12(b)(6) motion to dismiss, a *pro se* complaint must still set forth sufficient facts to state a facially plausible claim for relief. Falkiner v. OneWest Bank, FSB, No. 2:10cv475, 2011 WL 1630279 at *1 (E.D. Va. April 21, 2011).

### III. DISCUSSION

#### A. Subject Matter and Personal Jurisdiction

Because Public Storage Defendants raise the threshold issues of this Court's subject matter jurisdiction over Plaintiff's claims and personal jurisdiction as to Defendants Marker and Trotter, the Court will address these issues first.

Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that pleadings contain "a short and plain statement of the grounds for the court's jurisdiction. . . ." While it is true that neither Plaintiff's Complaint nor Amended Complaint contain a specific allegation of subject matter jurisdiction, the Court concludes that this defect is not fatal to Plaintiff's claims. See Canty v. City of Richmond, Va., Police Dep't, 282 F. Supp. 1396, 1400 (E.D. Va. 1974) (recognizing the district court has an obligation to determine whether the facts alleged in a *pro se* complaint "could very well

6

provide a basis for recovery under any of the civil rights acts or heads of jurisdiction in the federal arsenal for redress of constitutional deprivations"). On the contrary, because this Court has construed Plaintiff's pleadings to include two distinct claims for relief under 42 U.S.C. §§ 1983 and 1985(3), the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

Defendants additionally argue that because both Marker and Trott, who were sued individually and as agents of Public Storage, were served through Public Storage instead of in a manner prescribed by Fed. R. Civ. P. 4(e) (prescribing service of process on individuals) or N.C. Gen. Stat. § 1A, Rule 4(j)(1) (same), service of process was defective as to those Defendants and the Court lacks personal jurisdiction over them. (Doc. No. 27 at 4-6).

Where Defendants received actual notice of the action, the service rules are given liberal construction. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Plaintiff's Amended Complaint names Marker and Trott as defendants in both their "individual and official capacity." (Am. Compl. at 1). Thus, while service on Defendants Marker and Trott as individuals may have been defective, to the extent that Plaintiff intended to sue Defendants Marker and Trott as agents of Public Storage, service appears to have been executed properly.[3] See N.C. Gen. Stat. § 1A, Rule 4(j)(1)(b). Because Defendants had actual notice of the pendency of this action and Plaintiff's Amended Complaint is otherwise subject to dismissal, see *infra*. at 12, 16, the Court will assume for the purposes of this Order, without deciding, that it has personal jurisdiction over Defendants Marker and Trott.

---

[3] Public Storage Defendants only challenge service of process and personal jurisdiction as to Defendants Marker and Trott as individual defendants rather than in their official capacities. Defendant DePinto–also sued in both his individual and official capacities and served in the same manner as Defendants Marker and Trott (Doc. No. 11)–does not challenge service of process or personal jurisdiction.

B.  **Failure to State a Claim Upon Which Relief Can be Granted**

1. Plaintiff's Claim for Relief Under 42 U.S.C. § 1985(3).

Plaintiff's Amended Complaint alleges that the named Defendants "have entered into a conspiracy to willfully and with intent to deny plaintiff equal [access] to the public auctions that they publish and/or advertise in the Meckl[en]burg Times News Papers [sic]" (Am. Compl. at 3), in other words a claim of conspiracy to interfere with Plaintiff's civil rights in violation of 42 U.S.C. § 1985(3).[4]

In order to survive Defendants' Motion, Plaintiff must make sufficient factual allegations as to each of the following elements:

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy

Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citations omitted). Prevailing on such a claim

---

[4] Section 1985(3) provides in pertinent part:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

§ 1985(3).

is difficult as successfully pleading a § 1985 conspiracy requires allegations of "an agreement or 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. Conclusory allegations of conspiracy, "in the absence of concrete supporting facts," id., are insufficient. Moreover, the Supreme Court has placed particular emphasis on the second element of a § 1985(3) conspiracy claim, and Plaintiff must allege sufficient facts from which the Court may infer that the object of the conspiracy was invidiously discriminatory in nature. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 270 (1993). In order to avoid the "'constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law,'" id. at 268 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)), the animus requirement demands "at least a purpose that focuses upon [a protected class] *by reason of their* [protected class]." Bray, 506 U.S. at 270 (emphasis included in the original). Thus in order to state a claim for relief, Plaintiff must allege facts from which the Court may infer discriminatory *intent*, not simply a discriminatory impact. Id. at 271-272.

Plaintiff has failed to allege any facts that would allow the Court to infer that Defendants entered into a conspiracy motivated by discriminatory animus to deprive Plaintiff of his rights. As an initial matter, it is not readily apparent which "rights secured by law" Plaintiff has been deprived of. "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates" that must be found elsewhere. Great Am. Fed. Savings & Loan Ass'n v. Novotny, 442 U.S. 366, 372 (1979). Plaintiff has not alleged any substantive right that would allow him to continue to attend auctions held on private property after being forbidden from the premises, and the Court is unaware of any. Cf. North Carolina v. Marcoplos, 572 S.E.2d 820, 821-22 (N.C. Ct. App. 2002), aff'd 580 S.E.2d 691 (holding that a guest on private property held open to the public has implied consent of the possessor of the property to be on the property until the

9

guest engages in conduct that voids the implied consent).

However, even assuming Plaintiff's allegation that he did not engage in any disruptive behavior which warranted his initial removal from the Ashley Road facility on July 21, 2010, and Defendant DePinto had no basis for revoking Plaintiff's permission to be on the premises is true, as the Court must, Plaintiff has still failed to state a claim for relief under § 1985.[5] First, as to the conspiracy element, Plaintiff relies not on factual allegations but conclusory statements that a conspiracy among the named Defendants existed, which is insufficient. Simmons, 47 F.3d at 1376-77. Taking Plaintiff's factual allegations as true and viewing them in the best possible light for Plaintiff, the only allegations supporting Plaintiff's claim of conspiracy is that (1) during the September 22, 2010 incident at the Ashley Road facility, Defendant Nance walked over to Plaintiff and placed him in handcuffs without conferring with anyone else on the scene; and (2) when Plaintiff attempted to attend an auction at the Park Road facility on January 7, 2011, Defendant Marker would not allow him to enter the property at the direction of Defendant Trott. A principal element of conspiracy under § 1985(3) is an *agreement* made between the conspirators *for the purpose of violating the plaintiff's protected rights*. See id. at 1376; Lenard v. Argento, 699 F.2d 874, 882 (7th Cir. 1983), cert. denied 464 U.S.815. Plaintiff has simply failed to allege any facts from which the Court may infer an agreement existed among the named Defendants, let alone that Defendants intended to deprive Plaintiff of a protected right. Instead, the facts alleged by Plaintiff supporting a claim of conspiracy are subject to an "obvious alternative explanation"– that Plaintiff

---

[5] Plaintiff appears to allege that the conspiracy took the form of the named Defendants continuing to prevent Plaintiff from participating in auctions subsequent to Defendant DePinto's allegedly illegitimate removal of Plaintiff from the Ashley Road facility on July 21, 2010. Because a § 1985(3) conspiracy requires two or more people, the Court is not concerned with whether Defendant DePinto asked Plaintiff to leave for a proper purpose, but instead whether Plaintiff has alleged sufficient facts from which the Court may infer Defendants' liability under § 1985.

was arrested on September 22, 2010, and barred from other Public Storage facilities because he was, in fact, trespassing on the Ashley Road facility on September 22–and thus Plaintiff's conspiracy allegation is insufficient to state a claim. See Twombly, 550 U.S. at 567-68 (noting that where there is an alternative explanation to alleged facts that are consistent with a plaintiff's claim, the claim is not plausible).

Second, Plaintiff's Amended Complaint admits that the object of the alleged conspiracy was not motived by a class-based invidiously discriminatory animus. Neither the Complaint nor the Amended Complaint include allegations of Plaintiff's or Defendants' races or allegations from which the Court may infer racial animus. Instead, Plaintiff alleges that he was denied access to the Public Storage facilities because he filed suit against Defendants and because Defendant DePinto told Plaintiff "you got a smart mouth," (Am. Compl. at 2). In his response in opposition to Defendants' Motions (Doc. No. 38), Plaintiff goes further and argues for the first time that, because he was not given a "legitimate" reason for being banned from the Public Storage facilities and because he is black, Defendants must have been motivated by race. (Doc. No. 38 at 4). However, the Court need not, and will not, accept as true Plaintiff's conclusion that Defendants were motivated by race, particularly where Plaintiff's Amended Complaint alleges he was removed from the Public Storage facilities for a non-discriminatory reason. See CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co., 567 F. Supp. 2d 824, 831 (E.D. Va. 2008) (citations omitted) (noting that in ruling on a Rule 12(b)(6) motion, courts are only to consider the complaint and are to ignore any extrinsic evidence); see also Gooden v. Howard Cnty., Md., 954 F.2d 960, 970 (4th Cir. 1992) (holding a § 1985(3) claim to be insufficient where predicated on the "mere statement . . . that the [defendants] were white and the [plaintiff] was black").

Stripping away Plaintiff's conclusory statements and legal conclusions and looking only to

11

the factual allegations of the Amended Complaint, Plaintiff has only alleged that (1) Defendant DePinto barred Plaintiff from all Public Storage facilities on July 21, 2010, for no apparent reason; (2) Plaintiff was arrested and charged with trespassing when he tried to return to the Ashley Road facility on September 22, 2010; and (2) Defendant Marker prohibited Plaintiff from entering the Park Road facility on January 7, 2011. None of these allegations support a plausible claim that Defendants entered into an agreement to deprive Plaintiff of rights secured by law based on his race. Accordingly, Plaintiff's § 1985(3) claim must be DISMISSED.

### 2. Plaintiff's Claim for Relief Under 42 U.S.C. § 1983.

Section 1983 provides a remedy against a defendant who while acting "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Like § 1985, § 1983 "is not itself a source of substantive rights but a method for vindicating federal rights elsewhere conferred. . . ." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 749 n. 9 (1999). A federal civil rights claimant must allege two essential elements under § 1983: "'the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (alteration in the original) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

Plaintiff alleges that Defendants Nance and Griffin violated his rights when they falsely arrested him for second-degree trespassing on September 22, 2010, and maliciously prosecuted the charge, which is a claim properly brought under § 1983 to vindicate rights protected by the Fourth Amendment. See Brooks, 85 F.3d at 183-184. The CMPD Defendants move to dismiss Plaintiff's

12

§ 1983 claim under the doctrine of qualified immunity. Defendants argue that Plaintiff's arrest was supported by probable cause and thus no constitutional rights were violated. The Court agrees.

The Fourth Amendment protects the "right of the people to be secure in their persons . . . against unreasonable searches and seizures." U.S. Const. amend. IV. An arrest is a seizure of the person and is reasonable if supported by probable cause. Wilson v. Kittoe, 337 F.3d 392, 398 (4th Cir. 2003). "An officer has probable cause for arrest when the 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Id. (ellipses included in the original) (quoting Pritchett v. Alford, 973 F.2d 307, 314 (4th Cir. 1992)).

Police officers enjoy qualified immunity from § 1983 lawsuits "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). In determining whether a § 1983 defendant is immune from suit, courts frequently apply a two-step approach. See Wilson, 337 F.3d at 397. First, the court determines whether, "'taken in the light most favorable to the party asserting the injury, . . . the facts alleged show the officer's conduct violated a constitutional right.'" Id. (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Second, the court must conclude whether the right alleged to have been violated was a "clearly established" right of which a reasonable person would have known. Wilson, 337 F.3d at 397 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

Here, the Court need not reach the second question. See Pearson v. Callahan, 129 S. Ct. 808, 821 (2009). It is clear from the facts alleged in Plaintiff's Amended Complaint that, based on the facts and circumstances within the CMPD officers' knowledge, probable cause existed for Defendant Nance to arrest Plaintiff for second-degree trespassing on September 22, 2010. North

13

Carolina law prohibits a suspect from entering or remaining on the premises of another "[a]fter he has been notified not to enter or remain there by the owner, person in charge of the premises, by a lawful occupant, or by another authorized person." N.C. Gen. Stat. § 14-159.13(a)(1). Plaintiff alleges that on July 21, 2010, he was told by Defendant DePinto to leave the Ashley Road facility and was banned from all Public Storage facilities, in the presence of CMPD officers. (Am. Compl. at 1). On September 22, 2010, Plaintiff alleges he returned to the Ashley Road facility after informing the Public Storage "home office" of his intention to do so. (Id. at 2). Plaintiff was again told to leave by Defendant DePinto and when police arrived on the scene, Plaintiff was arrested for trespassing. (Id.) Plaintiff further alleges that DePinto is the "district manager" of the Ashley Road facility and thus is an "authorized person" permitted to notify Plaintiff he was not permitted on the premises. (Id. at 1). In short, based on the facts as known by Defendants Nance and Griffin–and as alleged by Plaintiff–there existed probable cause to believe that Plaintiff was committing the offense of second-degree trespass on September 22, 2010. Because Plaintiff's arrest was supported by probable cause, no constitutional right was violated. McKinney v. Richland Cnty. Sherriff's Dep't, 431 F.3d 415, 418 (4th Cir. 2005).

While it is true that offenders may only be found to be trespassing on private property held open to the public "upon some showing the [offender] have committed some acts sufficient to render the implied consent [to be on the property for a legitimate purpose] void," Marcoplos, 572 S.E.2d at 821-22, Plaintiff's allegation that he was initially given no reason–and that no reason existed–for his removal from the Ashley Road facility on July 21, 2010, does not defeat the CMPD Defendants' qualified immunity. "Probable cause is an objective standard . . . . [and] [w]hether probable cause eixted under given circumstances must be determined by two elements–the suspectes conduct as known to the officer, and the contours of the offense thought to be committed." Jackson v. Brickey,

14

No. 1:10CV60, 2011 WL 652735 at *4 (W.D. Va. Feb. 11, 2011) (slip copy) (citations omitted). At the time of Plaintiff's arrest on September 22, 2010, "the absence of probable cause would not have been evident to an objectively reasonable officer" who had arrived on the scene under the circumstances that existed when Defendants Nance and Griffin arrived at the Ashley Road facility. McKinney, 431 F.3d at 419. Furthermore the probable cause determination of the CMPD Defendants on the scene was later confirmed by a neutral, detached magistrate who reviewed the circumstances of Plaintiff's arrest. (Doc. No. 22 at 5).[6] Accordingly, Defendants Nance and Griffin are immune from Plaintiff's § 1983 claim.

Finally, to the extent Plaintiff intended to hold the city of Charlotte liable by suing the CMPD Defendants in their individual and official capacities, Plaintiff's claim must be dismissed. Municipalities, as a general rule, are not vicariously liable under § 1983 for their employees' actions. Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011). "Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." Id. (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). Because Plaintiff has failed to allege, or otherwise identify, any municipal policy or custom that caused his injury, the city is not liable for any of Plaintiff's alleged injuries. See Walker v. Prince George's Cnty., Md., 575 F.3d 426, 431 (4th Cir. 2009).

Because probable cause existed to support Plaintiff's arrest for second-degree trespassing on September 22, 2010, Defendants Nance and Griffin are immune from liability for Plaintiff's §

---

[6] That the criminal summons erred in naming Defendant Nance as the authorized person who asked Plaintiff to leave the Ashley Road facility, rather than Defendant DePinto, is of no significance for the purposes of determining whether Plaintiff's constitutional rights have been violated. See N.C. Gen. Stat. § 15A-922(f) (authorizing the amendment of a criminal summons "at any time prior to or after final judgment when the amendment does not change the nature of the offense charged").

1983 claim. Plaintiff is unable to recover from either the Public Storage Defendants or from the city of Charlotte. Accordingly, Plaintiff's claim for relief arising under § 1983 must be DISMISSED.

### 3. Remaining Claims

Although it is not clear that Plaintiff intended to allege further causes of action apart from his § 1985(3) and § 1983 claims, which have been dismissed, in an abundance of caution, the Court will briefly address its jurisdiction to consider Plaintiff's possible state tort claims for false arrest and malicious prosecution as well as Plaintiff's possible contract claim against Public Storage and Defendant DePinto over $375 Plaintiff alleges are owed to him. (Am. Compl. at 2).

The Court does not have original jurisdiction over these claims. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004) ("it is the obligation of the district court . . . to be alert to jurisdictional requirements"). These issues do not present a federal question and instead arise under state law. Plaintiff has made no allegations of the named Defendants' citizenship from which the Court may conclude it has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as he must as the party seeking to invoke the Court's jurisdiction. Hertz Corp. v. Friend, 130 S. Ct. 1181, 1194 (2010). Additionally, it appears the amount in controversy on these claims ($375 plus emotional distress) falls well short of the $75,000 threshold required for diversity jurisdiction. 28 U.S.C. § 1332.

Accordingly, the Court may only consider these claims pursuant to its supplemental jurisdiction authority. 28 U.S.C. § 1367(a). However, because the Court has dismissed those claims over which it had original jurisdiction, the Court will exercise its discretion and decline to assert supplemental jurisdiction over these potential state law claims. See § 1367(c)(3). To the extent Plaintiff asserts these claims, they are DISMISSED for lack of subject matter jurisdiction.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Chris DePinto, Sean Marker, Paul Trott, and Public Storage's Motion to Dismiss (Doc. No. 26) is GRANTED. It is further ORDERED that Defendants R. Nance and J. Griffin's Motion to Dismiss is GRANTED.

Plaintiff's Amended Complaint is hereby DISMISSED for failure to state a claim upon which relief can be granted.

The Clerk is directed to close this case and send a copy of this Order to Plaintiff at 2009 Ranchwood Drive, Charlotte, NC 28217, which is Plaintiff's address of record, and to counsel for Defendants.

IT IS SO ORDERED.

Signed: June 17, 2011

Graham C. Mullen
United States District Judge